FILED
AUG - 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rickey King, | ) |
| Plaintiff, | ) 06CV4160 |
| v. | ) JUDGE SHADUR |
| | ) MAG. JUDGE DENLOW |
| Unknown Chicago Police Officers, | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Rickey King, by and through his attorney, Basileios J. Foutris, and complaining against the Defendants, Unknown Chicago Police Officers, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, pursuant to the rights secured through the United States Constitution to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was unlawfully arrested on September 15, 2004.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

1

4. At all relevant times, the City of Chicago was the employer of Defendants, Unknown Chicago Police Officers. The Defendants, Unknown Chicago Police Officers (hereafter collectively "Defendant Officers") were at all relevant times employed by the City of Chicago and duly appointed police officers in the City of Chicago acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On September 15, 2004, the Plaintiff walked his minor child to school. Immediately after he dropped his child off, he was approached and surrounded by the Defendant Officers. The Defendant Officers placed the Plaintiff under arrest. He was arrested in view of his minor child.

7. The Plaintiff was charged with criminal drug conspiracy for alleged involvement in selling drugs. The charge stemmed from an undercover investigation by the Defendants.

8. The Defendants never actually bought any drugs from the Plaintiff during their investigation. The Defendants never witnessed the Plaintiff selling any drugs during their investigation, either in person or on any electronic surveillance equipment. The Defendants never witnessed the Plaintiff engaging in any illegal activity during their investigation, either in person or on any electronic surveillance equipment. There was no evidence that the Plaintiff sold drugs, or that he was a participant in any criminal conspiracy to sell drugs at any time prior to his arrest.

2

9. Despite the lack of evidence, the Defendant Officers caused the Plaintiff to be arrested.

10. There was no probable cause or legal justification to charge and arrest the Plaintiff on and before September 15, 2004.

11. Following the Plaintiff's arrest, the Defendant Officers continued to maintain that the Plaintiff was involved in a criminal drug conspiracy. They continued to make these claims despite all evidence to the contrary. The Defendant Officers' continued insistence that the Plaintiff was guilty of a conspiracy resulted in the Plaintiff remaining incarcerated for a long period of time following the September 15, 2004 arrest.

12. There was no legal justification for the Defendant Officers' continued insistence that the Plaintiff had engaged in criminal activity.

13. The charges filed against the Plaintiff were ultimately dismissed in a manner indicative of the Plaintiff's innocence.

14. The Defendant Officers' acts were intentional, willful and wanton.

### COUNT I- 42 U.S.C. §1983
### Unlawful Arrest- Defendant Officers

15. The Plaintiff realleges Paragraphs 1 through 14, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 15.

16. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

19. As a direct and proximate result of the Defendant Officers' unjustified and unlawful arrest of the Plaintiff, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, Rickey King, prays for judgment in his favor and against the Defendants, Unknown Chicago Police Officers, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II- 42 U.S.C. §1983
### Due Process- Defendant Officers

20. The Plaintiff realleges Paragraphs 1 through 14, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, resulted in the unlawful continued detention of the Plaintiff in violation of the Plaintiff's Due Process Rights as guaranteed by the United States Constitution.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. As a direct and proximate result of the Defendant Officers' unjustified and unlawful acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, Rickey King, prays for judgment in his favor and against the Defendants, Unknown Chicago Police Officers, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

_____
BASILEIOS J. FOUTRIS
Attorney for Plaintiff

Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff
53 West Jackson, Suite 804
Chicago, IL 60604
(312) 212-1200